Case: 05/18/1991
Judge: Cook, Julian Abele
MJ: Morgan, Virginia M
Filed: 05-18-2010 At 09:38 AM
TRANS DALE PRESNELL, ET AL V COTTRELL, INC, ET AL (CJG)



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**RECEIVED**

AUG 2 4 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| DALE PRESNELL and LORI PRESNELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 09 - 656 - JPG |
| v. ) | |
| ) | |
| COTTRELL, INC. and UNITED ROAD ) | (Removed from the Circuit Court |
| SERVICES, INC., ) | of the Twentieth Judicial Circuit, |
| ) | St. Clair County, State of Illinois, |
| Defendants. ) | Case No. 09-L-388) |

**NOTICE OF REMOVAL OF CIVIL ACTION**

COMES NOW COTTRELL, INC., ("Cottrell"), by and through its attorneys, BRYAN

CAVE LLP, and for its Notice of Removal of Civil Action pursuant to 28 U.S.C. §§ 1332, 1441,

and 1446, states as follows:

**Short and Plain Statement of Grounds for Removal**

**I.    Background and Parties**

1.    Cottrell is a defendant in this civil action, originally filed on July 21, 2009, in the

Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.  Plaintiffs seek

damages arising out of an alleged accident involving Mr. Presnell.  The alleged accident

purportedly involved a trailer which Plaintiffs claim was manufactured by Cottrell.

2.    Plaintiffs are citizens of Tennessee.

3.    Cottrell is a citizen of Georgia, incorporated under the laws of the State of

Georgia and having its principal place of business in Georgia.

4.    Defendant United Road Services, Inc. is a citizen of Delaware and Michigan,

incorporated under the laws of the State of Delaware and having its principal place of business in

Michigan.

1

## II. Basis for Removal

5.      Complete diversity exists in this case.

6.      The amount in controversy of Dale Presnell's claims exceeds the sum or value of $75,000, exclusive of interest and costs.  He has alleged continuing injuries: "plaintiff. . . sustained severe and permanent injuries. . .. Plaintiff has suffered and will continue to suffer pain and mental anguish; plaintiff's injuries are to his back, head and related areas.  Plaintiff's injuries are disfiguring and are permanent in nature; plaintiff has been required to expend large sums of money in order to obtain medical treatment for his injuries and will be required to expend additional sums in the future; plaintiff has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future; plaintiff has sustained wage loss and has been damaged in his capacity to earn wages in the future; plaintiff's condition is such that he may be forced to expend sums of money for vocational rehabilitation and/or convalescent care."  See Count I, ¶ 16.  In addition, the Complaint seeks "in excess of $50,000" in compensatory damages and "in excess of $50,000" in punitive damages.  See Count IV, last paragraph.

7.      Under 28 U.S.C. § 1367(a), Lori Presnell's claims for loss of consortium damages may be properly joined under supplemental jurisdiction because her claims form part of the same case or controversy.   Any exceptions to 28 U.S.C. § 1367(a) do not apply.  Accordingly, the consortium claim may be joined even if it is not in excess of $75,000, exclusive of interest and costs.

## III.    Conclusion

8.      This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332.

9.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) in that Cottrell received service of this Complaint on August 6, 2009 and this notice is filed within 30 days thereafter. This action is not more than one year old.

10.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Cottrell will give written notice thereof to the Plaintiffs and will file a copy of its Notice of Removal with the Circuit Court of St. Clair County, State of Illinois.

11.     Pursuant to 28 U.S.C. § 1446(a) and Local Filing Instruction 2.06.00, copies of the summons and complaint, constituting all the process and pleadings in possession of Cottrell in the state court action, and a copy of any pending pleadings or motions needing court action, are contained in the state court file, attached as Exhibit A.

12.     The written consent of defendant United Road Services, Inc. is attached as Exhibit B.

13.     Cottrell hereby demands a trial by jury.

WHEREFORE, Cottrell requests that this action be removed from the Circuit Court of St. Clair County, State of Illinois to the Southern District of Illinois, for all purposes.

Respectfully submitted:

BRYAN CAVE LLP

Dan H. Ball, #06192613
Daniel J. Carpenter, #06186922
Amy Lorenz-Moser, #162866
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

Attorneys for Defendant
Cottrell, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August, 2009, a copy of the foregoing was electronically filed with the Court, and will be sent electronically by the Court to the following:

Thomas G. Maag
Brian Wendler
Wendler Law, P.C.
900 Hillsboro, Suite 10
Edwardsville, IL  62025

4

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DALE PRESNELL and LORI PRESNELL

### DEFENDANTS
COTTRELL, INC.

(b) County of Residence of First Listed Plaintiff   Tennessee
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Georgia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Brian M. Wendler, Wendler Law PC, 900 Hillsboro, Ste. 10, Edwardsville, IL 62025

Attorneys (If Known)
Amy Lorenz-Moser, Bryan Cave, LLP, 211 N. Broadway, Ste. 3600, St. Louis, MO 63102

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                            and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332, 1441, 1446
Brief description of cause:
Product liability action involving a car-hauling trailer

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE   8/24/09
SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

IN THE CIRCUIT COURT OF
FOR THE 20TH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

DALE PRESNELL and    )
LORI PRESNELL,      )
            )
  Plaintiffs,      )
            )
            ) Case No. 09L388
vs.           )
            )
COTTRELL, INC. and    )
UNITED ROAD SERVICES, INC. )
            )
  Defendants.     )

FILED
ST. CLAIR COUNTY

JUL 2 1 2009

Barbara F. Kelly
CIRCUIT CLERK

## COMPLAINT

### Allegations Common To All Counts

  1.  That the defendant, Cottrell, Inc. ("Cottrell") is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located in the City of Gainesville, and doing business in the State of Illinois. Cottrell regularly does business in St. Clair County, Illinois. On all dates herein it is believed plaintiff was using a Cottrell rig which can be verified and/or further identification and information can be supplied by URS Midwest, Inc., plaintiff's employer. Plaintiff was hired in Illinois.

  2.  That the plaintiff, Lori Presnell, at all times relevant hereto was the spouse of Dale Presnell and in that capacity was dependent upon him for her support and services.

  3.  That plaintiff was an employee of URS Midwest, Inc., a Delaware corporation which has an office and terminal located in Centerville, St. Clair County, Illinois. Plaintiff was hired to work at said terminal.

  4.  That the rig in question is believed to be a model C-11 HLS manufactured in 2008 with fleet number 9319.

**Exhibit A**

5.     That, United Road Services, Inc. ("United") is an Illinois corporation which regularly transacts business, has offices in and operates in Illinois including this County. This defendant through its officers and/or directors knew of the hazards and defects herein prior to plaintiff's injury.

6.     That United is a separate corporation from URS Midwest, Inc. Neither plaintiff has ever been an employee of United.

## COUNT I

COMES NOW the plaintiff, Dale Presnell, by and through his undersigned attorneys, and for his cause of action against the defendant, Cottrell, states as follows:

7.     At all times relevant, plaintiff Dale Presnell ("Michael") was using a trailer and headrack manufactured by Cottrell which company placed said trailer and headrack into the stream of commerce for profit and for use in interstate transportation including in Illinois.

8.     That on or about December 18, 2009, plaintiff, Dale Presnell, was performing his normal work duties as a car hauler.

9.     At that time and place, plaintiff was operating the aforesaid truck, trailer with head rack ("rig") believed to have been manufactured and designed by the defendant, Cottrell. Pursuant to his duties, plaintiff was injured while maneuvering on the upper deck of the rig while in the performance of his duties.

10.    That at all times relevant herein, the aforesaid rig was in substantially the same condition as when the rig left the control of defendant. Any modifications or alternations did not result in a substantial change or, alternatively, were foreseeable or expected.

11.    That defendant placed the aforesaid rig into the stream of commerce as part of its regular business activity for ultimate use in this State.

2

12.     At all times relevant, the trailer and headrack were manufactured and designed in such a fashion and manner that is was not reasonably safe for its intended use, in one or more of the following respects:

(a)     the rig was not equipped with a reasonably safe ladders, footing, walkways, traction and/or hand holds;

(b)     the warning(s) posted on the truck, if existent, failed to sufficiently warn plaintiff and others similarly situated of one or more of the above defects;

(c)     the instructions supplied with the truck, if existent, failed to sufficiently warn plaintiff and others similarly situated of the defective and/or unreasonably dangerous nature of the rig;

(d)     the rig was lacking a deck to stand, walk or maneuver on;

(e)     the rig was supplied with handrails which were not coupled with prohibitions against removal.

13.     At all times relevant, Cottrell had a duty to manufacture a rig, in such a fashion, as to be reasonably safe for its intended use.

14.     In violation of its duty, Cottrell acted as heretofore alleged.

15.     Venue is proper in St. Clair County, as some part of the transaction took place in St. Clair County, the truck was introduced into commerce in St. Clair County, and defendants do business in St. Clair County, Illinois.

16.     That as a direct and proximate result of the aforesaid, plaintiff, while attempting to maneuver on the upper deck of the rig in the course of his duties as a truck driver, sustained severe and permanent injuries when he fell from the top of the rig. Plaintiff has suffered and will continue to suffer pain and mental anguish; plaintiff's injuries are to his back, head and related areas. Plaintiff's injuries are disfiguring and are permanent in nature; plaintiff has been required to expend large sums of money in order to obtain medical treatment for his injuries and will be required to expend additional sums in the future; plaintiff has had pain and suffering in

3

the past and is reasonably certain to experience pain and suffering in the future; plaintiff has sustained wage loss and has been damaged in his capacity to earn wages in the future; plaintiff's condition is such that he may be forced to expend sums of money for vocational rehabilitation and/or convalescent care. Plaintiff may be forced to retire early. Based on the above, plaintiff requests damages which will fairly and reasonably compensate the plaintiff for his injuries suffered and damages incurred.

WHEREFORE, Plaintiffs Humbly request that this Honorable Court enter judgment in plaintiff's favor, and against defendant Cottrell, in an amount in excess of $50,000.00, plus costs of suit, plus such other, further, and different relief as is appropriate.

## COUNT II

COMES NOW the plaintiff, Dale Presnell, by and through his undersigned attorneys, and for his cause of action against the defendant, Cottrell, states as follows:

1-15. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-15 of Count I as Paragraphs 1-15 of this Count.

16. That based upon the foregoing, the defendant owed a duty to plaintiff and others similarly situated to design, test and manufacture rigs with due care for the safety of plaintiff and others similarly situated.

17. That in violation of the aforesaid duty, the defendant committed one or more of the following negligent acts or omissions, to-wit:

(a) failed to access, review and/or analyze injury and testing data available to it including, but not limited to, data from Cassens Transport Company, Cassens Corporation, Cassens & Sons, Inc., NATA, Campbell Chain Company, CFR, Jack Cooper Transport Company, Chrysler Corporation, General Motors Corporation, patents, Leaseway, Anchor Motor Freight, Robert Carr, Ryder/Delavan, Colin Drury, James Miller and Liberty Mutual;

4

(b)     failed to adequately test its rig to ascertain whether the ladders, walkways, handholds and traction on the rig were reasonably safe for use during the foreseeable and/or intended use of the rig;

(c)     failed to safely design the rig when defendant Cottrell knew or should have known that the rigs were causing excessive numbers of injuries to users;

(d)     failed to supply its rig with adequate ladders, walkways, traction and/or handrails;

(e)     failed to equip its rigs with proper footing, traction and/or handholds in disregard of OSHA, CFR provisions and/or industry standards;

(f)     failed to redesign when it knew or should have known of the number of injuries caused by normal use of the products;

(g)     failed to impress upon others in the industry the need to redesign the rigs notwithstanding its position on committees created for such purposes, including GM committees;

(h)     failed to prohibit removal of handrails;

(i)     failed to warn of the dangers herein alleged.

18.  Plaintiff repeats, realleges and incorporates herein by reference Paragraph 16 of Count I as Paragraph 18 of this Count.

WHEREFORE, the plaintiff prays for Judgment against the defendant, Cottrell, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this suit.

## COUNT III

COMES NOW the plaintiff, Dale Presnell, by and through his undersigned attorneys, and for his cause of action against the defendant, Cottrell, states as follows:

1-15.  Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-15 of Count I as Paragraphs 1-15 of this Count.

16.     That at all times relevant hereto, defendant Cottrell impliedly warranted that the rig in question was reasonably safe for its intended and/or foreseeable uses.

17.     That in breach of the aforesaid implied warranty, defendant Cottrell placed into

5

the stream of commerce a rig which contained one or more of the following unreasonably dangerous conditions listed in Paragraph 12 of Count I.

18. Plaintiff repeats, realleges and incorporates herein by reference Paragraph 16 of Count I as Paragraph 18 of this Count.

WHEREFORE, plaintiff prays for Judgment against the defendant, Cottrell, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of suit.

## COUNT IV

COMES NOW the plaintiff, Dale Presnell, by and through his undersigned attorneys, and for his cause of action against the defendant, Cottrell, states as follows:

1-12. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-12 of Count I as Paragraphs 1-12 of this Count.

13-14. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 16-17 of Count II as Paragraphs 13-14 of this Count.

15-16. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 16-17 of Count III as Paragraphs 15-16 of this Count.

17. That at all times relevant hereto defendant was aware that there was a need to redesign the rigs. Defendant was aware that slips and falls from the trailers were reported to be a big problem in the industry. Defendant was further aware that the industry has a high driver injury rate and is labor intensive. Defendant was further aware that the industry treated injuries, including the loss of highly skilled drivers as a minor cost of doing business. Defendant was further aware that in 1979 there was reported 2,549 slip and fall injuries. Defendant was also aware that in 1968 Liberty Mutual recommended the use of traction grating surfaces and handrails. Defendant was also aware that University professors reported the need to add traction

6

and handrails. Defendant was also aware of hundreds of similar injuries in 1990.

18.  That notwithstanding all of the above the defendant continued supplying, manufacturing and placing into the stream of commerce the rigs in question with the above described defects thereon.

19.  That the defendant acted in conscious disregard for the safety of users of the rigs and thereby continued in the placing of profits above safety in its continue to reap profits with little or no regard for the safety of users of defendant's products.

WHEREFORE, the plaintiffs pray for Judgments in their favor and against the defendant for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in compensatory damages and for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in punitive damages and for costs of this suit.

## COUNT V
### (Negligence)

COMES NOW, Dale Presnell, by and through his attorneys, and in support of his cause of action against defendant, United, states as follows:

1-16.  Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-16 of Count I as Paragraphs 1-16 of this Count.

17.  That defendant participated in and exercised control over the design and testing process of Cottrell rigs and provided instructions to the manufacturer, Cottrell. Further, modifications to the rig in question were performed by United insofar as it, among other things, removed handrails.

18.  That defendant had knowledge of, access to and/or possessed documentation of multiple safety reports and records of injuries to drivers including similar injuries.

7

19.     That defendant, United, knew of the defects in the rig through its officers and directors.

20.     That defendant through its officers, directors and shareholders profited from the placement of rigs such as at issue into the stream of commerce.

WHEREFORE, plaintiff prays for a Judgment against defendant for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this suit.

## COUNT VI
### ( Negligence-Direct Liability)

COMES NOW, Dale Presnell, by and through his attorneys, and in support of his cause of action against defendant, United, states as follows:

1-20.     Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-20 of Count V as Paragraphs 1-20 of this Count.

21.     That based upon the foregoing, the defendant owed a duty to plaintiff and others similarly situated to act with due care for the safety of the plaintiff and others similarly situated.

22.     That in violation of the aforesaid duty, the defendant committed one or more of the following negligent acts or omissions to-wit:

(a)     directed Cottrell to supply rigs without reasonably safe handholds, traction, ladders or walkways;

(b)     directed Cottrell to fail to require the use of alternative designs when defendant knew or should have known of the number of injuries caused during rig operations;

(c)     directed Cottrell to fail to supply adequate warnings or sufficiently warn plaintiff and others similarly situated of one or more of the defects herein;

(d)     directed Cottrell to fail to adequately test the rigs to ascertain whether the upper decks on the rigs were unreasonably susceptible to cause injury during the foreseeable and/or intended use;

(e)     directed its mechanics to remove upper deck handrails;

(f)     employed or appointed persons who were incompetent, unqualified or unmotivated to perform the functions of the corporation.

23.     That as a proximate and direct result of the above the rig in question was ordered, purchased, modified and/or utilized with unsafe and unreasonably dangerous designs in issue and plaintiff was injured.  Defendant is directly liable for such injuries and damages.

WHEREFORE, plaintiff prays for a Judgment against defendant for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this suit.

## COUNT VII
### (Fraud)

COMES NOW, Dale Presnell, by and through his attorneys, and in support of his cause of action against defendant, United, states as follows:

1-12.  Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-12 of Count I as Paragraphs 1-12 of this Count.

13.     That defendant participated in and exercised control over the design and testing process of Cottrell trailers provided instructions and warnings to the manufacturer.  Further, safety training was supplied or to be supplied by United.

14.     That defendant had knowledge and documentation of multiple injuries to auto transport drivers including slip and fall injuries.

15.     That defendant, United knew of the defects in the rigs through it officers and directors.

16.     That United has an office, has officers and directors and has personnel to perform its functions.  Said functions include but are not limited to the employment of mechanics to service/maintain the rigs, the employment of a safety office purportedly to reduce injuries and other functions.  United:

9

(a)    assured drivers that the terminals and work related facilities would
       be supplied which would be as safe as possible;

(b)    adopted a loss control program to encompass all operations related
       to the transportation process;

(c)    created a personal injury loss control program;

(d)    created a full safety program whereby defendant assured persons
       such as plaintiff it would work closely with its insurance
       companies and other offices to enforce safety;

(e)    assured drivers such as plaintiff it would take all practical steps
       to safeguard drivers from accidents and would maintain an
       effective safety organization at each terminal location;

(f)    assured drivers such as plaintiff it would promote safe work
       practices including maintenance of terminal facilities and
       equipment in safe operating conditions;

(g)    took full responsibility for providing a safe work environment
       for drivers such as plaintiff and assured them it would take all
       steps necessary to implement a comprehensive safety program;

(h)    appointed a corporate risk manager to report safety concerns to
       defendant after review of injury records and after attending loss
       control meetings for the purpose of taking corrective action.

17.    That defendant through its officers, directors and shareholders profited from the
placement of rigs such as at issue into the stream of commerce.

18.    That defendant by both its words and by its conduct misrepresented material facts
regarding its intentions and/or abilities to undertake, create and enforce a safety program
applicable to all levels of management.

19.    That defendant knew its above representations were untrue and subsequently
allowed for the use of rigs without safety equipment so that defendant's officers, directors and
shareholders could reap larger profits through increased payloads resulting in higher revenue.

20.    That plaintiff and plaintiff's coworkers did not know defendant's misrepresentations were untrue.

21.    That defendant intended or expected its misrepresentations would be acted upon by drivers who regularly used the equipment and programs as described above.

22.    The plaintiff and others similarly situated, including those acting on behalf of plaintiff relied upon defendant's misrepresentations.

23.    That plaintiff will be prejudiced if defendant is now permitted to deny the truth of its representations.

24.    That the above statements of material fact by defendant were made with defendant's knowledge that the statements were false and with defendant's intent that the statements induce plaintiff and others similarly situated to act as such persons would and did rely upon the truth of such statements with plaintiff's damages as aforesaid resulting from the reliance on the statements.

WHEREFORE, plaintiff prays for a Judgment in his favor for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in compensatory damages and for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in punitive damages and for costs of this suit.

## COUNT VIII
### (Willful & Wanton)

COMES NOW, plaintiff, Dale Presnell, by and through his attorneys, and in support of his cause of action against defendants, United and Cottrell, Inc., states as follows:

1-16.  Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-16 of Count I as Paragraphs 1-16 of this Count.

17-18.  Plaintiffs repeats, realleges and incorporates herein by reference Paragraphs 16-17 of Count II as Paragraphs 17-18 of this Count.

11

19-22.   Plaintiffs repeats, realleges and incorporates herein by reference Paragraphs 17-

20 of Count V as Paragraphs 19-22 of this Count.

23-25.   Plaintiffs repeats, realleges and incorporates herein by reference Paragraphs 21-

23 of Count VI as Paragraphs 23-25 of this Count.

26.      That at all times relevant hereto, each of the above identified defendants engaged

in willful and wanton behavior with respect to the product in question as enumerated as follows:

a)   placed profits above safety by persistently refusing to read,
     consider, share, disseminate or even acknowledge the
     existence of safety data, ergonomic engineer, published
     engineer and other safety reports specifically and expressly
     critical of the design identical to or substantially similar to
     the design in issue;

b)   failing to share, disseminate, seek out, review or acknowledge
     the existence of hundreds of reports of injuries associated with
     persons using the design identical to or substantially similar to
     that in issue;

c)   consistently and persistently sought to increase the hauling
     capacity and trailer payload of vehicles when defendants
     knew with every increase in trailer payload drivers such as
     the plaintiff were being subjected to an increase in the risk
     of substantial injuries;

d)   created and promoted a "competitive advantage for Cottrell
     trailers by the use of increased carrying capacity with the
     dangers described above and the reports and records
     described above all known to be existence;

e)   placed profits above safety engaging in a series of willful
     withholding of injury data.  Said withholding was premised upon
     corporate structures which were designed and/or utilized to enable the
     officers and directors of the various corporations to utilize "corporate
     knowledge" to exclude knowledge possessed by the officers
     and directors of the corporation and knowledge possessed
     and/or available to individual shareholders and/or employees while
     simultaneously claiming the corporation was unaware of the knowledge of
     the employees, shareholders and the officers/directors;

12

f)    retained the services of "experts" to review design safety features of trailers such as that in issue and sought out experts known to be biased such that they were likely to write favorable reports which were baseless in fact and/or law. Even when one or more of such experts drafted unfavorable reports the defendants withheld such reports from persons like plaintiff as well as from the public;

g)    drafted or supplied owners and/or operators and/or safety manuals with precautionary instructions and safety directives which were created to serve as litigation defense tools when the meanings of the terminology in said manuals were unknown to persons who drafted them;

h)    ignored and failed to consider the use of alternative safer designs including designs used in the USA and in other countries as safer alternatives. Defendants professed ignorance of such designs when, in fact, the designs were known to be functional, feasible and within the knowledge of the officers, employees and directors of the defendants.

27.    That the defendants engaged in the above behavior in a clear quest to continue to treat injuries associated with the rigs such as at issue as a minor business expense despite recommendations and urging from others that such behavior must cease. Records with such recommendations and urgings were removed and/or deleted from defendants' records along with many other records including records of engineers, ergonomic safety experts and others as described above all so that the defendants could continue to place known dangerous and defectively designed equipment in the stream of commerce so that defendants could continue to reap profits from the use of such products while simultaneously disregarding and continuing to treat injuries as minor business expenses.

WHEREFORE, the plaintiff prays for a Judgment in his favor against each defendant for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in compensatory damages and for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in exemplary damages and for such other and further relief as deemed just.

13

## COUNT IX

COMES NOW the plaintiff, Lori Presnell, by and through her undersigned attorneys, and for her cause of action against all defendants, states as follows:

1. Plaintiff repeats, realleges and incorporates herein by reference all Paragraphs of all prior Counts as Paragraph 1 of this Count.

2. That at all times relevant hereto the plaintiff, Lori Presnell, was and remains the spouse of the plaintiff, Dale Presnell, and in that capacity was dependent upon Dale Presnell for her support and services.

3. That as a direct and proximate result of the aforesaid, the plaintiff, Lori Presnell, has been deprived of the support and services of her husband.

WHEREFORE, the plaintiff, Lori Presnell, prays for a Judgment in her favor and against each defendant, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action.

WENDLER LAW, P.C.

By: _____
Thomas G. Maag #6272640
Brian M. Wendler #06196124
900 Hillsboro, Suite 10
Edwardsville, IL 62025
(618) 692-0011
fax (618) 692-0022

14

## AFFIDAVIT OF VALUE

Pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned hereby

certifies that the foregoing case has a value in excess of $50,000.00.

Dated: 7/20/09

Thomas G. Maag

15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DALE PRESNELL and LORI PRESNELL, )
                                              )
        Plaintiffs,                )
                                              )
v.                                           )      Case No.
                                            )
COTTRELL, INC. and UNITED ROAD     )     (Removed from the Circuit Court
SERVICES, INC.,                      )     of the Twentieth Judicial Circuit,
                                            )     St. Clair County, State of Illinois,
        Defendants.             )     Case No. 09-L-388)

## CONSENT TO REMOVAL

    Defendant United Road Services, Inc., with full reservation of any and all rights and

defenses, including and without waiving personal jurisdiction and/or service of process, hereby

consents to removal of the above-captioned case, which was originally filed in the Circuit Court

of St. Clair County, Illinois, Twentieth Judicial Circuit.

                           Respectfully submitted:

                           Counsel for Defendant
                           United Road Services, Inc.

                           Sandra J. Engelking
                           ARDC # 6286111
                           SmithAmundsen LLC
                           150 North Michigan Avenue, #3300
                           Chicago, IL 60601
                           (312) 894-3200
                           SEngelking@salawus.com

Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DALE PRESNELL and LORI PRESNELL,  )
                                        )
       Plaintiffs,                )
                                          )
v.                                       )    Case No. 09-656-JPG
                                          )
COTTRELL, INC. and UNITED ROAD   )    (Removed from the Circuit Court
SERVICES, INC.,                    )    of the Twentieth Judicial Circuit,
                                          )    St. Clair County, State of Illinois,
       Defendants.           )    Case No. 09-L-388)

## AMENDED NOTICE OF REMOVAL OF CIVIL ACTION

COMES NOW COTTRELL, INC., ("Cottrell"), by and through its attorneys, BRYAN

CAVE LLP, and pursuant to the Court's 12/14/09 Order, for its Amended Notice of Removal of

Civil Action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, states as follows:

### Short and Plain Statement of Grounds for Removal

### I.     Background and Parties

1.      Cottrell is a defendant in this civil action, originally filed on July 21, 2009, in the

Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.  Plaintiffs seek

damages arising out of an alleged accident involving Mr. Presnell.  The alleged accident

purportedly involved a trailer which Plaintiffs claim was manufactured by Cottrell.

2.      Plaintiffs are citizens of Tennessee.

3.      Cottrell is a citizen of Georgia, incorporated under the laws of the State of

Georgia and having its principal place of business in Georgia.

4.      Defendant United Road Services, Inc. is a citizen of Delaware and Michigan,

incorporated under the laws of the State of Delaware and having its principal place of business in

Michigan.

1

## II.  Basis for Removal

5.      Complete diversity exists in this case.

6.      The amount in controversy of Dale Presnell's claims exceeds the sum or value of $75,000, exclusive of interest and costs.  He has alleged continuing injuries:  "plaintiff. . . sustained severe and permanent injuries. . ..  Plaintiff has suffered and will continue to suffer pain and mental anguish; plaintiff's injuries are to his back, head and related areas.  Plaintiff's injuries are disfiguring and are permanent in nature; plaintiff has been required to expend large sums of money in order to obtain medical treatment for his injuries and will be required to expend additional sums in the future; plaintiff has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future; plaintiff has sustained wage loss and has been damaged in his capacity to earn wages in the future; plaintiff's condition is such that he may be forced to expend sums of money for vocational rehabilitation and/or convalescent care."  See Count I, ¶ 16.  In addition, the Complaint seeks "in excess of $50,000" in compensatory damages and "in excess of $50,000" in punitive damages.  See Count IV, last paragraph.

7.      Under 28 U.S.C. § 1367(a), Lori Presnell's claims for loss of consortium damages may be properly joined under supplemental jurisdiction because her claims form part of the same case or controversy.   Any exceptions to 28 U.S.C. § 1367(a) do not apply.  Accordingly, the consortium claim may be joined even if it is not in excess of $75,000, exclusive of interest and costs.

## III.      Conclusion

8.      This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332.

2

9.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) in that Cottrell received service of this Complaint on August 6, 2009 and this notice is filed within 30 days thereafter.  This action is not more than one year old.

10.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Cottrell will give written notice thereof to the Plaintiffs and will file a copy of its Notice of Removal with the Circuit Court of St. Clair County, State of Illinois.

11.      Pursuant to 28 U.S.C. § 1446(a), copies of the summons and complaint, constituting all the process and pleadings served upon Cottrell in the state court action, are attached hereto as Exhibit A.

12.      The written consent of defendant United Road Services, Inc. is attached as Exhibit B.

13.      Cottrell hereby demands a trial by jury.

WHEREFORE, Cottrell requests that this action be removed from the Circuit Court of St. Clair County, State of Illinois to the Southern District of Illinois, for all purposes.

Respectfully submitted:

BRYAN CAVE LLP

/s/ Amy J Lorenz-Moser
Dan H. Ball, #06192613
Daniel J. Carpenter, #06186922
Amy Lorenz-Moser, #162866
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone:  (314) 259-2000
Facsimile:   (314) 259-2020

Attorneys for Defendant
Cottrell, Inc.

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2009, a copy of the foregoing was electronically filed with the Court, and will be sent electronically by the Court to counsel of record.

/s/ Amy J Lorenz-Moser

**IN THE CIRCUIT COURT OF**
**FOR THE 20TH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

DALE PRESNELL and ) 
LORI PRESNELL, ) 
　 ) 
　Plaintiffs, ) 
　 ) 
vs. ) 　　Case No. 09L388
　 ) 
COTTRELL, INC. and ) 
UNITED ROAD SERVICES, INC. ) 
　 ) 
　Defendants. ) 

> FILED
> ST. CLAIR COUNTY
>
> JUL 2 1 2009
>
> *Barbara F. Kelly*
> CIRCUIT CLERK

## COMPLAINT

### Allegations Common To All Counts

1.　　That the defendant, Cottrell, Inc. ("Cottrell") is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located in the City of Gainesville, and doing business in the State of Illinois. Cottrell regularly does business in St. Clair County, Illinois. On all dates herein it is believed plaintiff was using a Cottrell rig which can be verified and/or further identification and information can be supplied by URS Midwest, Inc., plaintiff's employer. Plaintiff was hired in Illinois.

2.　　That the plaintiff, Lori Presnell, at all times relevant hereto was the spouse of Dale Presnell and in that capacity was dependent upon him for her support and services.

3.　　That plaintiff was an employee of URS Midwest, Inc., a Delaware corporation which has an office and terminal located in Centerville, St. Clair County, Illinois. Plaintiff was hired to work at said terminal.

4.　　That the rig in question is believed to be a model C-11 HLS manufactured in 2008 with fleet number 9319.

**Exhibit A**

5.     That, United Road Services, Inc. ("United") is an Illinois corporation which regularly transacts business, has offices in and operates in Illinois including this County.   This defendant through its officers and/or directors knew of the hazards and defects herein prior to plaintiff's injury.

6.     That United is a separate corporation from URS Midwest, Inc.  Neither plaintiff has ever been an employee of United.

### COUNT I

COMES NOW the plaintiff, Dale Presnell, by and through his undersigned attorneys, and for his cause of action against the defendant, Cottrell, states as follows:

7.     At all times relevant, plaintiff Dale Presnell ("Michael") was using a trailer and headrack manufactured by Cottrell which company placed said trailer and headrack into the stream of commerce for profit and for use in interstate transportation including in Illinois.

8.     That on or about December 18, 2009, plaintiff, Dale Presnell, was performing his normal work duties as a car hauler.

9.     At that time and place, plaintiff was operating the aforesaid truck, trailer with head rack ("rig") believed to have been manufactured and designed by the defendant, Cottrell. Pursuant to his duties, plaintiff was injured while maneuvering on the upper deck of the rig while in the performance of his duties.

10.     That at all times relevant herein, the aforesaid rig was in substantially the same condition as when the rig left the control of defendant.  Any modifications or alternations did not result in a substantial change or, alternatively, were foreseeable or expected.

11.     That defendant placed the aforesaid rig into the stream of commerce as part of its regular business activity for ultimate use in this State.

2

12.     At all times relevant, the trailer and headrack were manufactured and designed in such a fashion and manner that is was not reasonably safe for its intended use, in one or more of the following respects:

(a)     the rig was not equipped with a reasonably safe ladders, footing, walkways, traction and/or hand holds;

(b)     the warning(s) posted on the truck, if existent, failed to sufficiently warn plaintiff and others similarly situated of one or more of the above defects;

(c)     the instructions supplied with the truck, if existent, failed to sufficiently warn plaintiff and others similarly situated of the defective and/or unreasonably dangerous nature of the rig;

(d)     the rig was lacking a deck to stand, walk or maneuver on;

(e)     the rig was supplied with handrails which were not coupled with prohibitions against removal.

13.     At all times relevant, Cottrell had a duty to manufacture a rig, in such a fashion, as to be reasonably safe for its intended use.

14.     In violation of its duty, Cottrell acted as heretofore alleged.

15.     Venue is proper in St. Clair County, as some part of the transaction took place in St. Clair County, the truck was introduced into commerce in St. Clair County, and defendants do business in St. Clair County, Illinois.

16.     That as a direct and proximate result of the aforesaid, plaintiff, while attempting to maneuver on the upper deck of the rig in the course of his duties as a truck driver, sustained severe and permanent injuries when he fell from the top of the rig. Plaintiff has suffered and will continue to suffer pain and mental anguish; plaintiff's injuries are to his back, head and related areas. Plaintiff's injuries are disfiguring and are permanent in nature; plaintiff has been required to expend large sums of money in order to obtain medical treatment for his injuries and will be required to expend additional sums in the future; plaintiff has had pain and suffering in

3

the past and is reasonably certain to experience pain and suffering in the future; plaintiff has

sustained wage loss and has been damaged in his capacity to earn wages in the future; plaintiff's

condition is such that he may be forced to expend sums of money for vocational rehabilitation

and/or convalescent care. Plaintiff may be forced to retire early. Based on the above, plaintiff

requests damages which will fairly and reasonably compensate the plaintiff for his injuries

suffered and damages incurred.

WHEREFORE, Plaintiffs Humbly request that this Honorable Court enter judgment in

plaintiff's favor, and against defendant Cottrell, in an amount in excess of $50,000.00, plus costs

of suit, plus such other, further, and different relief as is appropriate.

## COUNT II

COMES NOW the plaintiff, Dale Presnell, by and through his undersigned attorneys, and

for his cause of action against the defendant, Cottrell, states as follows:

1-15. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-15

of Count I as Paragraphs 1-15 of this Count.

16. That based upon the foregoing, the defendant owed a duty to plaintiff and others

similarly situated to design, test and manufacture rigs with due care for the safety of plaintiff and

others similarly situated.

17. That in violation of the aforesaid duty, the defendant committed one or more of

the following negligent acts or omissions, to-wit:

    (a)    failed to access, review and/or analyze injury and testing data available to it
    including, but not limited to, data from Cassens Transport Company, Cassens
    Corporation, Cassens & Sons, Inc., NATA, Campbell Chain Company, CFR,
    Jack Cooper Transport Company, Chrysler Corporation, General Motors
    Corporation, patents, Leaseway, Anchor Motor Freight, Robert Carr,
    Ryder/Delavan, Colin Drury, James Miller and Liberty Mutual;

4

(b)     failed to adequately test its rig to ascertain whether the ladders, walkways, handholds and traction on the rig were reasonably safe for use during the foreseeable and/or intended use of the rig;

(c)     failed to safely design the rig when defendant Cottrell knew or should have known that the rigs were causing excessive numbers of injuries to users;

(d)     failed to supply its rig with adequate ladders, walkways, traction and/or handrails;

(e)     failed to equip its rigs with proper footing, traction and/or handholds in disregard of OSHA, CFR provisions and/or industry standards;

(f)     failed to redesign when it knew or should have known of the number of injuries caused by normal use of the products;

(g)     failed to impress upon others in the industry the need to redesign the rigs notwithstanding its position on committees created for such purposes, including GM committees;

(h)     failed to prohibit removal of handrails;

(i)     failed to warn of the dangers herein alleged.

18. Plaintiff repeats, realleges and incorporates herein by reference Paragraph 16 of Count I as Paragraph 18 of this Count.

WHEREFORE, the plaintiff prays for Judgment against the defendant, Cottrell, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this suit.

## COUNT III

COMES NOW the plaintiff, Dale Presnell, by and through his undersigned attorneys, and for his cause of action against the defendant, Cottrell, states as follows:

1-15.    Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-15 of Count I as Paragraphs 1-15 of this Count.

16.    That at all times relevant hereto, defendant Cottrell impliedly warranted that the rig in question was reasonably safe for its intended and/or foreseeable uses.

17.    That in breach of the aforesaid implied warranty, defendant Cottrell placed into

5

the stream of commerce a rig which contained one or more of the following unreasonably

dangerous conditions listed in Paragraph 12 of Count I.

18.  Plaintiff repeats, realleges and incorporates herein by reference Paragraph 16 of

Count I as Paragraph 18 of this Count.

WHEREFORE, plaintiff prays for Judgment against the defendant, Cottrell, for a sum in

excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of suit.

## COUNT IV

COMES NOW the plaintiff, Dale Presnell, by and through his undersigned attorneys, and

for his cause of action against the defendant, Cottrell, states as follows:

1-12.  Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-12

of Count I as Paragraphs 1-12 of this Count.

13-14.  Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 16-17

of Count II as Paragraphs 13-14 of this Count.

15-16.  Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 16-17

of Count III as Paragraphs 15-16 of this Count.

17.  That at all times relevant hereto defendant was aware that there was a need to

redesign the rigs. Defendant was aware that slips and falls from the trailers were reported to be a

big problem in the industry. Defendant was further aware that the industry has a high driver

injury rate and is labor intensive. Defendant was further aware that the industry treated injuries,

including the loss of highly skilled drivers as a minor cost of doing business. Defendant was

further aware that in 1979 there was reported 2,549 slip and fall injuries. Defendant was also

aware that in 1968 Liberty Mutual recommended the use of traction grating surfaces and

handrails. Defendant was also aware that University professors reported the need to add traction

6

and handrails. Defendant was also aware of hundreds of similar injuries in 1990.

18.   That notwithstanding all of the above the defendant continued supplying, manufacturing and placing into the stream of commerce the rigs in question with the above described defects thereon.

19.   That the defendant acted in conscious disregard for the safety of users of the rigs and thereby continued in the placing of profits above safety in its continue to reap profits with little or no regard for the safety of users of defendant's products.

WHEREFORE, the plaintiffs pray for Judgments in their favor and against the defendant for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in compensatory damages and for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in punitive damages and for costs of this suit.

## COUNT V
### (Negligence)

COMES NOW, Dale Presnell, by and through his attorneys, and in support of his cause of action against defendant, United, states as follows:

1-16.   Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-16 of Count I as Paragraphs 1-16 of this Count.

17.   That defendant participated in and exercised control over the design and testing process of Cottrell rigs and provided instructions to the manufacturer, Cottrell. Further, modifications to the rig in question were performed by United insofar as it, among other things, removed handrails.

18.   That defendant had knowledge of, access to and/or possessed documentation of multiple safety reports and records of injuries to drivers including similar injuries.

7

19. That defendant, United, knew of the defects in the rig through its officers and directors.

20. That defendant through its officers, directors and shareholders profited from the placement of rigs such as at issue into the stream of commerce.

WHEREFORE, plaintiff prays for a Judgment against defendant for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this suit.

## COUNT VI
### ( Negligence-Direct Liability)

COMES NOW, Dale Presnell, by and through his attorneys, and in support of his cause of action against defendant, United, states as follows:

1-20. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-20 of Count V as Paragraphs 1-20 of this Count.

21. That based upon the foregoing, the defendant owed a duty to plaintiff and others similarly situated to act with due care for the safety of the plaintiff and others similarly situated.

22. That in violation of the aforesaid duty, the defendant committed one or more of the following negligent acts or omissions to-wit:

    (a)    directed Cottrell to supply rigs without reasonably safe handholds, traction, ladders or walkways;

    (b)    directed Cottrell to fail to require the use of alternative designs when defendant knew or should have known of the number of injuries caused during rig operations;

    (c)    directed Cottrell to fail to supply adequate warnings or sufficiently warn plaintiff and others similarly situated of one or more of the defects herein;

    (d)    directed Cottrell to fail to adequately test the rigs to ascertain whether the upper decks on the rigs were unreasonably susceptible to cause injury during the foreseeable and/or intended use;

    (e)    directed its mechanics to remove upper deck handrails;

8

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DALE PRESNELL and LORI PRESNELL,

      Plaintiffs,

      v.                         Case No. 09-cv-656-JPG

COTTRELL, INC. and UNITED ROAD
SERVICES, INC.,

      Defendants.

## MEMORANDUM AND ORDER

      This matter comes before the Court on the motion of defendant United Road Services,

Inc. ("United") to transfer this case to the United States District Court for the Eastern District of

Michigan or, in the alternative, to the United States District Court for the Eastern District of

Tennessee (Doc. 43). Defendant Cottrell, Inc. has joined in the motion (Doc. 49). Plaintiffs

Dale Presnell and Lori Presnell (collectively, "the Presnells") have responded to the motion

agreeing that the case should be transferred but asking that it be transferred to the United States

District Court for the Northern District of Georgia or, in the alternative, "to a Court in Tennessee

of plaintiff's [sic] choice" (Doc. 51). United has filed a reply to the Presnells' response (Doc.

54).

### I.    Background

      Plaintiff Dale Presnell was an over-the-road truck driver employed by URS Midwest,

Inc., a wholly owned subsidiary of United. On December 18, 2008, he was delivering vehicles

at Buff Whelan Chevrolet in Sterling Heights, Michigan. In the process of making the delivery,

he allegedly fell from a car-hauler rig and was injured. An employee of Buff Whelan Chevrolet

found him on the ground after his alleged fall. An ambulance transported Presnell to a hospital

in Troy, Michigan, where he was treated in the emergency room and admitted to the hospital for a five-day stay. All this occurred in the Eastern District of Michigan.

When Presnell returned to his home in Gray, Tennessee, he continued to receive treatment for his injuries from at least seven other medical providers, all located in or around Johnson City, Tennessee. Presnell's father, who was also at Buff Whelan Chevrolet at the time of Presnell's alleged fall, lives in Johnson City. Gray and Johnson City are within the Eastern District of Tennessee. At the time of Presnell's alleged fall, his employment with URS Midwest, Inc. was based in Spring Hill, Tennessee, although that terminal has since closed.[1]

The Presnells filed suit to recover for Dale Presnell's injuries. They originally filed this case in the Circuit Court for the Twentieth Judicial Circuit in St. Clair County, Illinois. They allege that Cottrell and United designed, tested, manufactured and/or altered the car-hauler rig at issue in this case. Presnell alleges that the defendants are liable for his injuries under theories of products liability, negligence, breach of implied warranty, fraud and willful and wanton injury. Lori Presnell also seeks to recover for loss of consortium. Cottrell removed the case to federal court under 28 U.S.C. § 1441(a), relying on the Court's original diversity jurisdiction under 28 U.S.C. § 1332(a).

United now asks the Court to transfer this case to the United States District Court for the Eastern District of Michigan or, in the alternative, to the United States District Court for the Eastern District of Tennessee. The Presnells agree that the case should be transferred but to the United States District Court for the Northern District of Georgia, where Cottrell's engineers and other witnesses are located, or, in the alternative, "to a Court in Tennessee of plaintiff's [sic]

---

[1]It is not entirely clear in which district Spring Hill lies. A Mapquest search reveals that there are seven Spring Hills in Tennessee.

2

choice."  United is a citizen of Delaware and Michigan, Cottrell is a citizen of Georgia, and the

Presnells are citizens of Tennessee.

## II.  Transfer Standards

United does not contest that venue is proper in the Southern District of Illinois under 28

U.S.C. § 1391 and therefore does not seek a change of venue pursuant to 28 U.S.C. § 1406,

which governs transfer or dismissal when venue is improper.  *Van Dusen v. Barrack*, 376 U.S.

612, 634 (1964).  Instead, United relies exclusively on 28 U.S.C. § 1404(a), under which a

district court may transfer a civil action to any other district where the action might have been

brought originally "[f]or the convenience of parties and witnesses, in the interest of justice."  28

U.S.C. § 1404(a).  The decision to transfer a case is left to the discretion of the district court.

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988);  *Van Dusen*, 376 U.S. at 622;  *Cote v.*

*Wadel*, 796 F.2d 981, 985 (7th Cir. 1986);  *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-

specific factors such as the convenience of the potential transferee forum to the parties and

witnesses and the interests of justice in general.  *Stewart*, 487 U.S. at 29-30;  *see Coffey v. Van*

*Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen* , 376 U.S. at 622).  "The

movant . . . has the burden of establishing, by reference to particular circumstances, that the

transferee forum is clearly more convenient," *Coffey*, 796 F.2d at 219-20, and the Court must

give some weight in favor of the forum in which the plaintiff chose to file the complaint, *Heller*

*Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989);  *Macedo v. Boeing Co.*,

693 F.2d 683, 688 (7th Cir. 1982).

Courts frequently consider specific factors such as the plaintiff's choice of forum, the

location of the relevant events, documents and evidence, the convenience to the witnesses and

3

parties, the relation of the controversy to the forum, the court's familiarity with the applicable

law and the speed with which a case can be tried.  *Methode Elecs., Inc. v. Delphi Auto. Sys. LLC*,

639 F. Supp. 2d 903, 907 (N.D. Ill. 2009).  Even if the circumstances indicate that a transfer

would be clearly more convenient to the parties and witnesses, a court may still refuse to transfer

the case if it is not in the interest of justice.  *Coffey*, 796 F.2d at 220;  *Van Dusen*, 376 U.S. at

625.  "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient

administration of the court system," including where the litigants are more likely to receive a

speedy trial.  *Coffey*, 796 F.2d at 221.

### III.    Analysis

In light of the Presnells' concession that the case should not be tried in Illinois, the Court

finds that transfer is appropriate.  Indeed, there are no substantial connections between Illinois

and this controversy, and trying the case in any of the three districts contemplated by the parties

would be clearly more convenient than trying the case in the Southern District of Illinois.

Furthermore, the interests of justice strongly weigh against trying this case in a district that has

no colorable interest in the controversy.

That leaves the question of the proper forum to which this case should be transferred.

Venue appears to be proper and jurisdiction appears to exist over all defendants in the Eastern

District of Michigan, the Eastern District of Tennessee and the Northern District of Georgia.  In

answering the venue question, the Court looks to the same factors used to answer the threshold

question of whether transfer is proper.  In light of the particular circumstances of this case, the

Court finds that United has met its burden of showing that the Eastern District of Michigan is the

most convenient of the three districts the parties contemplate and that a transfer of venue to that

district is in the interest of justice.

4

A.     Plaintiffs' Chosen Forum

Ordinarily the Court should give this factor substantial weight and should rarely transfer

a case from the plaintiff's selected forum. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64

(7th Cir. 2003).  However, the importance of the plaintiffs' choice of forum is reduced when the

plaintiffs do not live in the forum, few relevant events occurred in the forum and other factors

weigh heavily in favor of a transfer.  That is the situation in this case.  Additionally, the

plaintiffs' choice is rendered moot by their agreement that a transfer is appropriate in light of the

absence of connections between Illinois and this case.

The Court gives the plaintiffs' request for transfer to Georgia, where both defendants

maintain offices, or "to a Court in Tennessee of plaintiff's [*sic*] choice" little weight in light of

the fact that they could have but did not choose to file this case in those places to begin with.

Further, the Presnells' alternative request for a transfer "to a Court in Tennessee of plaintiff's

[*sic*] choice" is too vague and is unsupported by any argument.

B.     Convenience to the Witnesses

A majority of the non-party witnesses who can testify to the circumstances of Presnell's

alleged fall and its immediate aftermath– the person who found him and the first responders –

are located in Michigan.  Trial in the Eastern District of Michigan would clearly be more

convenient for them.  Presnell's father, who may also testify about Presnell immediately

following the alleged fall, is the only non-party, non-medical witness for whom a Tennessee

forum would be more convenient.  None of the witnesses connected to Presnell's allege fall

reside in Georgia.

As for Presnell's medical providers, those who treated him immediately after his alleged

fall are in the Eastern District of Michigan, and those who treated him after he returned home are

5

in the Eastern District of Tennessee.  Clearly live testimony for each group would be more convenient in its home court.  However, with respect to these witnesses, the convenience factor is rendered somewhat less important by the fact that, unlike eyewitness testimony, medical witness testimony is often presented by video deposition and does not require personal appearance at trial.  In sum, in light of their relatively even distribution between Michigan and Tennessee and the likelihood that they will not testify in person, these witnesses' convenience favors neither Michigan nor Tennessee, but counsels against Georgia, where none are located.

The Court now turns to the parties themselves.  It is logical that trial in the Eastern District of Tennessee would be more convenient for the Presnells.  However, by their originally filing this case in St. Clair County, Illinois, the Presnells have demonstrated a willingness and ability to travel a substantial distance from their home – more than 550 miles – to litigate this case.  It should therefore be no less convenient for them to travel a roughly equivalent distance to a courthouse in the Eastern District of Michigan.  Additionally, the Presnells now request a trial in Gainesville, Georgia, more than 200 miles from their home.  Clearly, travel is no obstacle to the Presnells.  The Court, therefore, does not give their convenience much weight.

United's and URS Midwest, Inc.'s witnesses with knowledge relevant to this case are concentrated in the Eastern District of Michigan, where both companies have their principal places of business, although one witness with knowledge about the Spring Hill, Tennessee, terminal still resides in Tennessee.  The Eastern District of Michigan is clearly most convenient for most of these witnesses.

Cottrell's witnesses involved in the design, testing and manufacturing of the car-hauler rig in question presumably reside in the Northern District of Georgia, Cottrell's principal place of business.  However, by joining in United's motion to transfer and by failing to join the

6

Presnells' alternative proposal that the case be transferred to the Northern District of Georgia, Cottrell has expressed its preference for a transfer to either of the two venues suggested by United. Therefore, the Court gives little weight to the convenience of a Georgia forum to Cottrell's witnesses.

On balance, it appears that the Eastern District of Michigan is slightly more convenient to the important witnesses in this case than the Eastern District of Tennessee and is clearly more convenient than the Northern District of Georgia.

As for the location of the documentary evidence, considering the pervasive use and availability of electronic records and methods of transmission, this factor weighs in favor of none of the districts.

C.      Interest of Justice

The interest of justice warrants trying this case in the Eastern District of Michigan.

The efficient and speedy administration factor favors no district. The average length of time from filing to disposition in the Eastern District of Michigan and the Eastern District of Tennessee is negligible and varies from year to year, so the Court gives little weight to that factor. The Presnells have provided no data showing a Georgia forum would be substantially more efficient or speedy.

The Court is further mindful that the United States District Court for the Eastern District of Michigan has a strong interest in resolving cases involving injuries that occur in that district. It is also more likely to be adept at applying Michigan substantive law, which is likely to be applicable in this case since Michigan was the site of the alleged injury.

In sum, the interests of justice weigh in favor of a transfer to the Eastern District of Michigan.

7

**IV.     Conclusion**

For these reasons, the Court finds that the convenience of the witnesses and the parties

and the interest of justice favor litigating this action in the Eastern District of Michigan.

Accordingly, the Court **GRANTS** United's motion to transfer (Doc. 43) and **TRANSFERS** this

case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District

of Michigan.

**IT IS SO ORDERED.**
**DATED:  April 28, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

8

Case: 2:10-cv-11991
Judge: Cook, Julian Abele
MJ: Morgan, Virginia M
Filed: 05-18-2010 At 09:38 AM
TRANS DALE PRESNELL, ET AL V COTTRELL, INC, ET AL (CJG)

**U.S. District Cou**
**Southern District of Illinois (**                         **)**
**CIVIL DOCKET FOR CASE #: 3:09-cv-00656-JPG-DGW**
**Internal Use Only**

| | |
|---|---|
| Presnell et al v. Cottrell, Inc. et al | Date Filed: 08/24/2009 |
| Assigned to: Judge J. Phil Gilbert | Date Terminated: 04/28/2010 |
| Referred to: Magistrate Judge Donald G. Wilkerson | Jury Demand: Defendant |
| Case in other court: St. Clair County Court, 09-L-388 | Nature of Suit: 365 Personal Inj. Prod. Liability |
| Cause: 28:1332 Diversity-Personal Injury | Jurisdiction: Diversity |

**Plaintiff**

**Dale Presnell**                    represented by    **Brian M. Wendler**
Wendler Law P.C.
Generally Admitted
900 Hillsboro
Suite 10
Edwardsville, IL 62025
618-692-0011
Fax: 618-692-0022
Email: bwend@piasanet.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas G. Maag**
Wendler Law P.C.
Generally Admitted
900 Hillsboro
Suite 10
Edwardsville, IL 62025
618-692-0011
Fax: 618-692-0022
Email: tmaag@maaglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles W. Armbruster , III**
Armbruster, Dripps, et al.
P. O. Box 8338
219 Piasa Street
Alton, IL 62002
800-917-1529
Fax: 800-927-1529
Email: charlesa@adwblaw.com
*ATTORNEY TO BE NOTICED*

CERTIFIED TRUE COPY
By _____
Deputy Clerk
Date _____

Peter J. Maag
Maag Law Firm, LLC
P.O. Box 224
Breese, IL 62230
618-541-2934
Fax: 618-692-0022
Email: pjmaag@gmail.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lori Presnell**                        represented by **Brian M. Wendler**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Thomas G. Maag**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Charles W. Armbruster , III**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

                                         **Peter J. Maag**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Cottrell, Inc.**                       represented by **Amy J. Lorenz-Moser**
                                         Armstrong Teasdale - St. Louis
                                         Generally Admitted
                                         One Metropolitan Square
                                         211 North Broadway, Suite 2600
                                         St. Louis, MO 63102-2740
                                         314-621-5070
                                         Fax: 314-621-5065
                                         Email:
                                         alorenzmoser@armstrongteasdale.com
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Daniel J. Carpenter**
                                         Armstrong Teasdale - St. Louis
                                         Generally Admitted
                                         One Metropolitan Square
                                         211 North Broadway, Suite 2600

St. Louis, MO 63102-2740
314-621-5070
Fax: 314-621-5065
Email:
dcarpenter@armstrongteasdale.com
*ATTORNEY TO BE NOTICED*

**Theresa M. Lynch**
Armstrong Teasdale - St. Louis
Generally Admitted
One Metropolitan Square
211 North Broadway, Suite 2600
St. Louis, MO 63102-2740
314-621-5070
Fax: 314-621-5065
Email: tlynch@armstrongteasdale.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**United Road Services, Inc.**      represented by **Lew R.C. Bricker**
Smith Amundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, IL 60601
312-894-3200
Fax: 312-894-3210
Email: lbricker@salawus.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sandra J. Engelking**
Smith Amundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, IL 60601
312-894-3200
Fax: 312-894-3210
Email: sengelking@salawus.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Randall J. Moore**
Roetzel & Andress
222 South Main Street
Suite 400
Akron, OH 44308
330-376-2700
Fax: 330-376-4577
Email: rmoore@ralaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/24/2009 | 1 | Case Opened. Filing fee paid $350.00, Receipt Number 34625014906. Documents may now be electronically filed. Case number 09-656-JPG must be placed on all documents prior to filing them electronically. (Attachments: # 1 notice of consent to magistrate judge)(lmt) (Entered: 08/24/2009) |
| 08/24/2009 | 2 | NOTICE OF REMOVAL by Cottrell, Inc. from St. Clair County, case number 09-L-388. ( Filing fee $ 350) (Attachments: # 1 Civel Cover Sheet, # 2 Exhibit A, # 3 Exhibit B)(Lorenz-Moser, Amy) (Entered: 08/24/2009) |
| 08/24/2009 | 3 | DISCLOSURE OF INTERESTED PARTIES by Cottrell, Inc..(Lorenz-Moser, Amy) (Entered: 08/24/2009) |
| 08/25/2009 | | (Court only) ***Staff notes. Jurisdiction checked. (tlp) (Entered: 08/25/2009) |
| 08/25/2009 | | (Court only) ***Staff notes - Track B (bkl) (Entered: 08/25/2009) |
| 08/25/2009 | 4 | NOTICE by Cottrell, Inc. *Notice of Filing Notice of Removal to St. Clair County* (Attachments: # 1 Notice to St. Clair County)(Lorenz-Moser, Amy) (Entered: 08/25/2009) |
| 08/28/2009 | 5 | ANSWER to Complaint with Jury Demand by Cottrell, Inc..(Lorenz-Moser, Amy) (Entered: 08/28/2009) |
| 08/31/2009 | 6 | NOTICE of Appearance by Sandra J. Engelking on behalf of United Road Services, Inc. (Engelking, Sandra) (Entered: 08/31/2009) |
| 08/31/2009 | 7 | NOTICE by United Road Services, Inc. *Certificate of Service for Appearance for United Road Service, Inc.* (Engelking, Sandra) (Entered: 08/31/2009) |
| 09/01/2009 | 8 | ORDER re 6 Notice of Appearance filed by United Road Services, Inc. Party failed to file corporate disclosure as required by F.R.Civ.P. 7.1. Requisite filing must be made on or before 9/11/2009. Failure to do so may result in the striking of all present and future filings. Signed by Judge J. Phil Gilbert on 9/1/09. (tlp)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/01/2009) |
| 09/01/2009 | 9 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 6 Notice of Appearance filed by United Road Services, Inc., 7 Notice (Other) filed by United Road Services, Inc. See attached document for specifics. (bkl) (Entered: 09/01/2009) |
| 09/08/2009 | 10 | MOTION to Remand to State Court by Dale Presnell, Lori Presnell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Maag, Peter) (Entered: 09/08/2009) |
| 09/11/2009 | 11 | DISCLOSURE OF INTERESTED PARTIES by United Road Services, |

| | | Inc..(Engelking, Sandra) (Entered: 09/11/2009) |
|---|---|---|
| 09/14/2009 | | (Court only) ***Staff notes. Conflicts checked. (tlp) (Entered: 09/14/2009) |
| 09/14/2009 | 12 | MOTION for Extension of Time to File Answer by United Road Services, Inc.. (Engelking, Sandra) (Entered: 09/14/2009) |
| 09/30/2009 | | (Court only) ***Staff notes Track B. Final Pre-trial set for 9/2/2010 at 9:30 a.m. with a jury trial setting of 9/13/2010 at 9:00 a.m. in Benton, IL. (by:kjr) (Entered: 09/30/2009) |
| 09/30/2009 | 13 | CJRA TRACK B assigned: Final Pretrial Conference set for 9/2/2010 at 09:30 AM in Benton Courthouse before Judge J. Phil Gilbert. Jury Trial set for 9/13/2010 at 09:00 AM in Benton Courthouse before Judge J. Phil Gilbert. (by:kjr) (Entered: 09/30/2009) |
| 09/30/2009 | 14 | NOTICE TO COUNSEL: Scheduling/Discovery Conference set for 11/20/2009 at 2:30 PM in East St. Louis Courthouse before Magistrate Judge Donald G. Wilkerson. (jmp) (Entered: 09/30/2009) |
| 10/05/2009 | 15 | NOTICE of Appearance by Lew R.C. Bricker on behalf of United Road Services, Inc. (Bricker, Lew) (Entered: 10/05/2009) |
| 10/07/2009 | 16 | ORDER granting 12 Defendant United Road Services, Inc.'s Motion for Extension of Time to Answer. Defendant United Road Services, Inc. is ordered to file an answer or otherwise respond to Plaintiffs' complaint by October 13, 2009. Signed by Magistrate Judge Donald G. Wilkerson on 10/7/2009. (klb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/07/2009) |
| 10/12/2009 | 17 | MEMORANDUM in Opposition re 10 MOTION to Remand to State Court filed by United Road Services, Inc.. (Attachments: # 1 Exhibit Affidavit of Eric Mikesell)(Engelking, Sandra) (Entered: 10/12/2009) |
| 10/12/2009 | 18 | MEMORANDUM in Opposition re 10 MOTION to Remand to State Court filed by Cottrell, Inc.. (Attachments: # 1 Affidavit A - Affidavit of Eric Mikesell, # 2 Exhibit B)(Lorenz-Moser, Amy) (Entered: 10/12/2009) |
| 10/13/2009 | 19 | ANSWER to Complaint *and Affirmative Defenses* by United Road Services, Inc..(Engelking, Sandra) (Entered: 10/13/2009) |
| 10/14/2009 | 20 | REPLY to Response to Motion re 10 MOTION to Remand to State Court filed by Dale Presnell, Lori Presnell. (Maag, Thomas) (Entered: 10/14/2009) |
| 11/19/2009 | 21 | NOTICE TO COUNSEL: The telephone discovery scheduling conference scheduled for November 20, 2009 is CANCELED. Scheduling orders will be issued.Signed by Magistrate Judge Donald G. Wilkerson on 11/19/2009. (klb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/19/2009) |
| | | |

| 11/19/2009 | 22 | SCHEDULING ORDER: Discovery due by 5/21/2010. Dispositive Motions due by 6/4/2010. Signed by Magistrate Judge Donald G. Wilkerson on 11/19/2009. (jmp) (Entered: 11/19/2009) |
|---|---|---|
| 11/19/2009 | 23 | ORDER AND NOTICE OF SETTLEMENT CONFERENCE: Settlement Conference set for 4/21/2010 at 9:00 AM in East St. Louis Courthouse before Magistrate Judge Donald G. Wilkerson.(jmp) (Entered: 11/19/2009) |
| 11/19/2009 | 24 | ORDER REGARDING DISCOVERY. Signed by Magistrate Judge Donald G. Wilkerson on 11/19/2009. (jmp) (Entered: 11/19/2009) |
| 12/07/2009 | 25 | REQUEST for Admissions *To All Parties* by Dale Presnell, Lori Presnell. (Wendler, Brian) (Entered: 12/07/2009) |
| 12/14/2009 | 26 | MEMORANDUM AND ORDER Denying 10 MOTION to Remand to State Court filed by Lori Presnell, Dale Presnell. Signed by Judge J. Phil Gilbert on 12/14/09. (bkl) (Entered: 12/14/2009) |
| 12/22/2009 | 27 | AMENDED DOCUMENT by Cottrell, Inc.. Amendment to 2 Notice of Removal *Amended Notice of Removal*. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Lorenz-Moser, Amy) (Entered: 12/22/2009) |
| 12/29/2009 | 28 | NOTICE of Appearance by Daniel J. Carpenter on behalf of Cottrell, Inc. (Carpenter, Daniel) (Entered: 12/29/2009) |
| 01/05/2010 | 29 | RESPONSE/ANSWER TO REQUEST FOR ADMISSIONS by United Road Services, Inc.. Related document: 25 Request for Admissions filed by Lori Presnell, Dale Presnell.(Bricker, Lew) (Entered: 01/05/2010) |
| 01/06/2010 | 30 | RESPONSE/ANSWER TO REQUEST FOR ADMISSIONS by Cottrell, Inc.. Related document: 25 Request for Admissions filed by Lori Presnell, Dale Presnell.(Carpenter, Daniel) (Entered: 01/06/2010) |
| 01/11/2010 | 31 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 30 Response/Answer to Request for Admissions filed by Cottrell, Inc.. See attached document for specifics (trb) (Entered: 01/11/2010) |
| 01/12/2010 | 32 | NOTICE of Appearance by Brian M. Wendler on behalf of Dale Presnell, Lori Presnell (Wendler, Brian) (Entered: 01/12/2010) |
| 01/14/2010 | 33 | NOTICE of Appearance by Charles W. Armbruster, III on behalf of Dale Presnell, Lori Presnell (Armbruster, Charles) (Entered: 01/14/2010) |
| 01/20/2010 | 34 | MOTION for Extension of Time to Complete Discovery by Dale Presnell, Lori Presnell. (Wendler, Brian) (Entered: 01/20/2010) |
| 02/01/2010 | 35 | NOTICE of Appearance by Daniel J. Carpenter on behalf of Cottrell, Inc. (Carpenter, Daniel) (Entered: 02/01/2010) |
| 02/01/2010 | 36 | NOTICE of Appearance by Theresa M. Lynch on behalf of Cottrell, Inc. (Lynch, Theresa) (Entered: 02/01/2010) |
| 02/02/2010 | 37 | MOTION to Withdraw by Cottrell, Inc.. (Lorenz-Moser, Amy) (Entered: 02/02/2010) |

| 02/18/2010 | 38 | REQUEST for Admissions *of Medical Records, Bills and Treatment To All Defendants* by Dale Presnell, Lori Presnell.(Wendler, Brian) (Entered: 02/18/2010) |
| 02/18/2010 | 39 | MOTION for Protective Order *and Memorandum in Support* by Cottrell, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Carpenter, Daniel) (Entered: 02/18/2010) |
| 02/19/2010 | 40 | NOTICE of Appearance by Amy J. Lorenz-Moser on behalf of Cottrell, Inc. (Lorenz-Moser, Amy) (Entered: 02/19/2010) |
| 02/23/2010 | 41 | MOTION to Reassign Case *to Track "C", Extend Deadlines and Suggestions in Support* by Cottrell, Inc.. (Carpenter, Daniel) (Entered: 02/23/2010) |
| 02/25/2010 | 42 | NOTICE TO COUNSEL: A telephone discovery conference is set for March 4, 2010 at 4:00 pm before United States Magistrate Judge Donald G. Wilkerson in the East St. Louis Courthouse. Counsel for defendant Cottrell, Inc. will be responsible for initiating the conference call to all parties before calling the Court: 618-482-9004. Signed by Magistrate Judge Donald G. Wilkerson on 2/25/2010. (klb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/25/2010) |
| 03/01/2010 | 43 | MOTION to Transfer Case *Pursuant to Doctrine of Forum Non Conveniens* by United Road Services, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T)(Bricker, Lew) (Entered: 03/01/2010) |
| 03/02/2010 | 44 | RESPONSE in Opposition re 39 MOTION for Protective Order *and Memorandum in Support* filed by Dale Presnell, Lori Presnell. (Maag, Thomas) (Entered: 03/02/2010) |
| 03/08/2010 | 45 | ORDER: The final pre-trial conference has been RESET to January 7, 2011, at 9:30 a.m. before United States District Judge J. Phil Gilbert. The jury trial has been RESET to January 18, 2011, before United States District Judge J. Phil Gilbert. An amended scheduling order will be issued. Signed by Magistrate Judge Donald G. Wilkerson on 3/8/2010. (klb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/08/2010) |
| 03/09/2010 | 46 | NOTICE of Appearance by Randall J. Moore on behalf of United Road Services, Inc. (Moore, Randall) (Entered: 03/09/2010) |
| 03/09/2010 | 47 | REPLY to Response to Motion re 39 MOTION for Protective Order *and Memorandum in Support* filed by Cottrell, Inc.. (Lorenz-Moser, Amy) (Entered: 03/09/2010) |
| 03/11/2010 | 48 | RESPONSE/ANSWER TO REQUEST FOR ADMISSIONS by United |

| | | |
|---|---|---|
| | | Road Services, Inc.. Related document: <u>38</u> Request for Admissions filed by Lori Presnell, Dale Presnell.(Bricker, Lew) (Entered: 03/11/2010) |
| 03/15/2010 | <u>49</u> | JOINDER by Cottrell, Inc.. Joinder in <u>43</u> MOTION to Transfer Case *Pursuant to Doctrine of Forum Non Conveniens*. (Lynch, Theresa) (Entered: 03/15/2010) |
| 03/15/2010 | 50 | ORDER: During the discovery dispute conference held on March 4, 2010, plaintiffs' counsel advised the Court plaintiffs were considering consenting to defendant United Road Services Inc.'s motion to transfer the case. The Court continued the discovery dispute conference to March 16, 2010.Defendant Cottrell, Inc. has now joined in the pending motion to transfer and plaintiffs' counsel advised the Court they will respond to that motion. The Court hereby CANCELS the discovery dispute conference set for March 16, 2010, and will reset it in a separate order if necessary. Signed by Magistrate Judge Donald G. Wilkerson on 3/15/2010. (klb) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/15/2010) |
| 03/15/2010 | <u>51</u> | RESPONSE to Motion re <u>43</u> MOTION to Transfer Case *Pursuant to Doctrine of Forum Non Conveniens* filed by Dale Presnell, Lori Presnell. (Attachments: # <u>1</u> Exhibit A)(Maag, Thomas) (Entered: 03/15/2010) |
| 03/23/2010 | <u>52</u> | RESPONSE/ANSWER TO REQUEST FOR ADMISSIONS by Cottrell, Inc.. Related document: <u>38</u> Request for Admissions filed by Lori Presnell, Dale Presnell.(Lynch, Theresa) (Entered: 03/23/2010) |
| 03/23/2010 | <u>53</u> | MOTION for Extension of Time to Complete Discovery by Dale Presnell, Lori Presnell. (Maag, Thomas) (Entered: 03/23/2010) |
| 03/26/2010 | <u>54</u> | REPLY to Response to Motion re <u>43</u> MOTION to Transfer Case *Pursuant to Doctrine of Forum Non Conveniens* filed by United Road Services, Inc.. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Engelking, Sandra) (Entered: 03/26/2010) |
| 03/29/2010 | <u>55</u> | NOTICE OF ERRORS AND/OR DEFICIENCIES re <u>54</u> Reply to Response to Motion filed by United Road Services, Inc. See attached document for specifics. (bkl) (Entered: 03/29/2010) |
| 04/14/2010 | 56 | NOTICE TO COUNSEL: The settlement conference set for April 21, 2010, is hereby CANCELED. Signed by Magistrate Judge Donald G. Wilkerson on 4/14/2010. (klb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/14/2010) |
| 04/28/2010 | <u>57</u> | MEMORANDUM AND ORDER Granting <u>43</u> MOTION to Transfer Case *Pursuant to Doctrine of Forum Non Conveniens* filed by United Road Services, Inc. ORDER TRANSFERRING CASE TO OTHER DISTRICT: Case transferred to Eastern District of Michigan. Signed by Judge J. Phil Gilbert on 4/28/10. (bkl) (Entered: 04/28/2010) |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

### NANCY J. ROSENSTENGEL
#### Clerk of Court

750 Missouri Avenue
P. O. Box 249
East St. Louis, Illinois 62202
(618) 482-9371

301 West Main
Benton, Illinois 62812
(618) 439-7760

**Reply to: Benton**

April 28, 2010

Theodore Levin, Clerk
 U. S. District Court
 for Eastern District of Michigan
231 West Lafayette Boulevard, 5th Floor
Detroit, MI  48226

Case: 2:10-cv-11991
Judge: Cook, Julian Abele
MJ: Morgan, Virginia M
Filed: 05-18-2010 At 09:38 AM
TRANS DALE PRESNELL, ET AL V COTTRELL, INC, ET AL (CJG)

RE:     Presnell, et al. v. Cottrell, Inc., et al.
        Civil Case No. 09-656-JPG

Dear Clerk:

        On 4/28/10, an Order by the Honorable J. Phil Gilbert, U. S. District Judge, was entered transferring the above-mentioned case from this District Court to the U. S. District Court, Eastern District of Michigan.

        Enclosed is a certified copy of the docket sheet.  This court is using the electronic case filing system.  You may access our electronic case file at the following web address: http://ecf.ilsd.uscourts.gov to obtain documents.  We have assigned a login and password for district courts to use in accessing this information.  The login is "guestilsd" and the password is "guest01".  This login and password should not be shared with anyone other than federal court personnel who would have a need to access our electronic case file system.  You will need Adobe Acrobat Reader loaded on your computer in order to view the documents.

        Please acknowledge receipt of the docket sheet by returning a signed copy of this letter.

                                Sincerely,

                                NANCY J. ROSENSTENGEL, CLERK

                                By: s/Brenda K. Lowe, Deputy Clerk

                                Receipt Acknowledged on: 5/18/10
                                By: Carol Shepenbuell

Enclosures

(10/09)