UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE PRESNELL AND LORI PRESNELL

      Plaintiffs,

v.                                             Case Number: 10-11991
                                              Honorable Julian Abele Cook, Jr.

COTTRELL, INC.

      Defendant.

### ORDER

On December 19, 2011, Plaintiffs, Dale Presnell and his wife, Lori Presnell, filed a product liability action in this federal court against the Defendant, Cottrell, Inc. ("Cottrell") on the basis of its diversity jurisdiction, 28 U.S.C. § 1332.[1] In their complaint, they collectively asserted that Cottrell had negligently designed and manufactured a trailer which ultimately caused Dale Presnell to incur significant bodily injuries. Currently pending before the Court is Cottrell's motion for summary judgment, relying upon the provisions of Fed.R.Civ.P. 56.

I.

---

[1] The Plaintiffs are residents of Tennessee whereas Cottrell is a corporation that was organized under the laws of Georgia. The Plaintiffs' original complaint also included claims against Dale Presnell's employer, United Road Services. However, it should be noted that this Court entered an order on March 4, 2011 which dismissed United Road Services from this litigation with prejudice. Several months later in 2011 (December 19th), the Plaintiffs collectively filed an amended complaint with claims of injuries on the basis of products liability and a loss of consortium issues against Cottrell.

Prior to the date of the Plaintiffs' claimed injuries on December 18, 2008, (1) Dale Presnell had worked as a freight driver and a car hauler for more than ten years, and (2) Cottrell had designed and manufactured the trailer that was used by him on the date of his accident.

According to Dale Presnell, he - while delivering a trailer with motor vehicles to a dealership in Sterling Heights, Michigan - had previously used a Cottrell trailer for delivery purposes. He recalls that this particular trailer had wider gaps between the ramps than other trailers that had been used by him in the past. Nevertheless, Dale Presnell - while attempting to unload the trailer- moved from ramp to ramp instead of using a ladder, causing him to fall approximately ten feet onto the ground below. In retrospect, Dale Presnell acknowledged that he could have avoided the gap between the ramps by using ladders and walking around to the other side.

Prior to his fall, he had operated similarly structured open-sided trailers such as the one used by him for approximately four years. His employer had provided him with various training and safety manuals for the trailer, including a handbook which specifically instructed its employees not to jump on the equipment. The trailer also visibly displayed a decal which read "WARNING: FAILURE TO COMPLY WITH THESE INSTRUCTIONS MAY RESULT IN SERIOUS INJURY AND/OR PROPERTY DAMAGE." Another attached decal advised the reader to review the operator's manual before utilizing the trailer. Other attached decals on the trailer instructed the operator to use only ladders and areas with non-skid material to ascend or descend the trailer. During his deposition, Presnell admitted that he (1) saw but did not read the decals, and (2) did not read the operator's manual.

II.

The purpose of a summary judgment, as reflected by the Federal Rules of Civil Procedure,

"is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Thus, the moving party has the initial obligation of identifying those portions of the record that demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts

3

of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

III.

Cottrell submits that it is entitled to the entry of a summary judgment because Dale Presnell assumed the risk of an injury while operating the trailer in a risky way. Cottrell also notes that he was aware of the inherent risk of injury and, notwithstanding instructions to the contrary, voluntarily accepted the responsibility of its operation. According to Mich. Comp. Laws § 600.2947(3):

> [a] manufacturer or seller is not liable in a product liability action if the purchaser or user of the product was aware that use of the product created an unreasonable risk of personal injury and voluntarily exposed himself or herself to that risk and the risk that he or she exposed himself or herself to was the proximate cause of the injury. This subsection does not relieve a manufacturer or seller from a duty to use reasonable care in a product's production.

*See Koern v. Pentek Corp.* 142 F.3d 434 (6th Cir. 1998) (unpublished) (plaintiff cannot recover when product's specific danger was fully known to him when injury occurred.).

Dale Presnell stated in his deposition that he (1) was aware of the gap between the ramps, and (2) opined to his employer that this gap created a safety hazard to the operators of the trailer. Despite this recognition of the potential dangers to his personal safety, he voluntarily continued to jump across the gap instead of using a ladder to ascend and descend the trailer as instructed by the operating manual and decals.

In opposition to Cottrell's motion, the Plaintiffs argue that the entry of a summary judgment would, in their opinion, be premature without providing him with an ample amount of time to

complete his discovery. However, Cottrell argues that the Plaintiffs' request for additional time is without merit, in that (1) this case has been pending since July of 2009, and (2) the parties had jointly agreed that discovery could be completed prior to June 11, 2012. The Court, noting that this pending motion was filed on June 13, 2012, concludes that Cottrell's dispositive motion is not premature.

Furthermore, the Plaintiffs submit that Cottrell's reliance upon Mich. Comp. Laws § 600.2947(3) is inapplicable to this action because Dale Presnell did not "voluntarily expose himself" to the risk of injury. The Court does not agree. As stated in his deposition, Dale Presnell acknowledged that he could have used a ladder as an alternative method of moving around the trailer. Unfortunately, the alternative path that was chosen by him proved to be seriously injurious to his well being.

Finally, Presnell submits that even if his use of the ramp could be thought to be an exercise of misuse, Cottrell should be held liable because it (i.e., the alleged misuse) was reasonably foreseeable. Mich. Comp. Laws § 600.2947(2) states::

> [a] manufacturer or seller is not liable in a product liability action for harm caused by misuse of a product unless the misuse was reasonably foreseeable. Whether there was misuse of a product and whether misuse was reasonably foreseeable are legal issues to be resolved by the court.

Michigan law defines "misuse" as the "use of a product in a materially different manner than the product's intended use." Mich. Comp. Laws § 600.2945(e) defines "misuse" as including

> uses inconsistent with the specifications and standards applicable to the product, uses contrary to a warning or instruction provided by the manufacturer, seller, or another person possessing knowledge or training regarding the use or maintenance of the product.

The operating manual, training materials, and safety documents of the trailer specifically instruct

5

its operators not to jump on the trailer. It is not reasonably foreseeable that a user would disregard the operating instructions and engage in an obviously dangerous activity. *See Cobbs v. Schwing America, Inc.*, 2006 WL 334271 (E.D. Mich. 2006) (obviously dangerous use of equipment is not reasonably foreseeable). Here, Presnell's misuse of the trailer was not reasonably foreseeable and precludes liability under Mich. Comp. Laws § 600.2947(2).

For the reasons that have been stated above, Cottrell's motion for summary judgment is granted. (ECF 66).

IT IS SO ORDERED.


Date: March 8, 2013                                  s/Julian Abele Cook, Jr.
                                                     JULIAN ABELE COOK, JR.
                                                     U.S. District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 8, 2013.

                                                     s/ Kay Doaks
                                                     Case Manager